# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| LIZA DAWN CHERRICKS, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civ. No. 10-1018-LPS |
| BANK OF AMERICA, | : |
| Defendant. | : |

Liza Dawn Cherricks, New Castle, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 28, 2011
Wilmington, Delaware

**Stark, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Liza Dawn Cherricks ("Cherricks") of New Castle, Delaware, filed this civil action on November 23, 2010. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

## II. BACKGROUND

The allegations are difficult to discern. Cherricks refers to a non-existent statute and alleges discrimination by the United States, but does not indicate the type of discrimination. In addition, there is no claim for relief. In a separate filing she refers to "restoration and preservation for entire nation" and an "application for a reclamation for a ratification of the U.S. Constitution and create unity with all the nations – totally respecting the bible and being one nation under God/liberty [and] justice for all." (D.I. 5)

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Cherricks proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Cherricks leave to amend her complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the

2

Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Cherricks has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The Complaint consists of difficult-to-discern but fantastical claims that are clearly baseless and insufficient to withstand the Court's evaluation for frivolity under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order follows.

3